IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JAMES E. RICH,

        Plaintiff,

v.

ALPHA VESSELCO, LLC,

        Defendant.

Civil Action No.

PLAINTIFF DEMANDS A TRIAL BY JURY

## COMPLAINT

NOW COMES the plaintiff James E. Rich, by counsel, and for his Complaint against the defendant named herein, Alpha VesselCo, LLC, states as follows:

## JURISDICTION AND VENUE

1. The plaintiff James E. Rich is a seaman who brings this action <u>in personam</u> against the defendant Alpha VesselCo, LLC, under the Jones Act, 46 U.S.C. §30104, the General Maritime Law of the United States, and the "saving to suitors" provision of 28 U.S.C. § 1333(1).

2. This Court has subject matter jurisdiction over the plaintiff's Jones Act claim pursuant to the Jones Act, 46 U.S.C. §30104, and 28 U.S.C. §1331. The Court has subject matter jurisdiction over the plaintiff's claims for unseaworthiness, unpaid maintenance and cure, and unearned wages, which arise from the same set of facts out of which his Jones Act claim arises, pursuant to 28 U.S.C. § 1333.

3. This Court has jurisdiction over the defendant Alpha VesselCo, LLC, because one or more acts or omissions comprising the defendant's tortious activity causing the plaintiff's injuries occurred in the Commonwealth of Virginia; and/or

the defendant regularly and systematically conducts business in the Commonwealth of Virginia.

4. Venue is proper in this Court, pursuant to 28 U.S.C. §1391.

5. The plaintiff James E. Rich was, at all times pertinent herein, an American seaman.

6. The plaintiff James E. Rich is citizen of the United States of America, who is domiciled in the State of Virginia.

7. The defendant Alpha VesselCo, LLC, is limited liability company formed pursuant to the laws of the State of Delaware.

8. The defendant Alpha VesselCo, LLC, maintains its principal place of business in the City of Suffolk, Virginia.

## FACTS COMMON TO ALL COUNTS

9. All preceding paragraphs are fully incorporated herein.

10. On or about September 4, 2018, and at all other times pertinent herein, the defendant Alpha VesselCo, LLC, owned or owned *pro hac vice*, managed, and operated the commercial fishing vessel CALCASIEU PASS.

11. On or about September 4, 2018, and at all other times pertinent herein, the defendant Alpha VesselCo., LLC, manned the commercial fishing vessel CALCASIEU PASS.

12. The fishing vessel CALCASIEU PASS is a vessel approximately 152 feet in length, with a gross tonnage of approximately 409 tons.

13. Upon information and belief, the fishing vessel CALCASIEU PASS does not have a United States Coast Guard certificate of inspection.

14. On or about September 4, 2018, and at all other times pertinent herein, the fishing vessel CALCASIEU PASS was a vessel in navigation, sailing in the waters of the Chesapeake Bay and the Atlantic Ocean.

15. On or about September 4, 2018, and at all other times pertinent herein, the fishing vessel CALCASIEU PASS was used by the defendant Alpha VesselCo, LLC, as a "steamer" to fish for menhaden in the navigable waters of the Chesapeake Bay and Atlantic Ocean.

16. On or about September 4, 2018, and at all other times pertinent herein, the CALCASIEU PASS carried on board two self-propelled purse boats, known as a "mate's boat" and a "captain's boat", respectively, which deployed from the steamer from time to time to catch menhaden using the purse seine fishing method.

17. On or about September 4, 2018, and at all other times pertinent herein, each of the purse boats carried by the CALCASIEU PASS was owned, operated, maintained, and manned by the defendant Alpha VesselCo, LLC.

18. On or about September 4, 2018, each of the purse boats of the CALCASIEU PASS was equipped with a moveable winch or block known as a "power block." The power block of each purse boat was used to haul netting into the boat.

19. On or about September 4, 2018, and at all other times pertinent herein, the power block on each of the aforesaid purse boats was a winch or block which hung from a boom which was mounted on a mast on the purse boat. This arrangement allowed the power block and the boom to be swung around the mast and over the deck, and to be raised and lowered, up and down the mast. The power block was powered by hydraulics that ran off the purse boat engine. Control levers on the boat directed the movements of

the power block, port and starboard, up and down. A crewmember on the purse boat operated the power block.

20. Before the voyage on which the plaintiff was injured commenced, the defendant Alpha VesselCo, LLC, including the managing agents of the CALCASIEU PASS and the captain of the vessel, knew or, in the exercise of reasonable care under the circumstances should have known, that operation of the power block on the purse boats of the CALCASIEU PASS, presented a foreseeable risk of injury to crewmembers working in the purse boats and in the vicinity of power blocks, including crewmembers working within the swing radius of power blocks.

21. Before the voyage on which the plaintiff was injured commenced, the defendant Alpha VesselCo, LLC, including one or more managing agents of the CALCASIEU PASS, and the captain of the vessel, knew or, in the exercise of reasonable care under the circumstances should have known, that the one or more purse boat crewmembers had previously been injured by swinging power blocks on purse boats operated by the defendant or by its predecessor in interest, Omega Protein, Inc.

22. For example, on or about June 16, 2015, a crewmember working on a purse boat of the fishing vessel REEDVILLE, operated by Omega Protein, Inc., was struck on the head and injured by a swinging power block.

23. Before the voyage on which the plaintiff James E. Rich was injured commenced, the defendant Alpha VesselCo, LLC, and one or more of its managing agents, was aware of the aforesaid injury that occurred on or about June 16, 2015, how the injury occurred, and litigation which followed that injury.

24. Before the voyage on which the plaintiff James E. Rich commenced, the defendant Alpha VesselCo, LLC, including one or more managing agents of the CALCASIEU PASS, and the captain of the vessel, knew or, in the exercise of reasonable care under the circumstances should have known, that its safety rules concerning the operation of power blocks were nonexistent or inadequate for the safety of crewmembers; that implementation of such safety rules was nonexistent or inadequate for the safety of crewmembers; that existing work practices and procedures concerning the operation of power blocks were dangerous to crewmembers working near the power blocks; and/or that the training of crewmembers who operated or worked in the vicinity of power blocks was inadequate for their safety.

25. On or about September 4, 2018, and at all other times pertinent herein, the plaintiff was serving as a member of the crew assigned to the CALCASIEU PASS and was working in the scope and course of his employment with the defendant Alpha VesselCo, LLC.

### FIRST CAUSE OF ACTION

26. All preceding paragraphs are fully incorporated herein.

27. On or about September 4, 2018, the plaintiff was working in the scope and course of his employment with the defendant Alpha VesselCo, LLC, as a member of the crew of the fishing vessel CALCASIEU PASS, aboard the captain's purse boat of the CALCASIEU PASS, on the navigable waters of the United States.

28. At the aforesaid time, the plaintiff was working in the vicinity of the power block or within the swing path of the power block on the captain's boat, under the supervision of the captain of the CALCASIEU PASS.

29. At the aforesaid time, the captain or another member of the crew was operating the power block, when it swung violently into the plaintiff and struck him with great force and violence, causing him to be injured.

30. The defendant Alpha VesselCo, LLC, and its agents and employees, were negligent for the following:

(a) Failure to provide a safe place to work;

(b) Failure to keep a proper lookout for the plaintiff;

(c) Failure to operate the power block safely;

(d) Failure to train crewmembers in the safe operation of the power block;

(e) Failure to train crewmembers how to work safely around the power block;

(f) Failure to use a safe method of work;

(g) Failure to establish and enforce safety policies, rules, and procedures for the safe performance of work with and near the power block;

(h) Failure to man the vessel with a properly trained crew; and/or

(i) The giving of improper orders and decisions by supervisory personnel; and/or

(j) In other particulars to be disclosed at trial.

31. As a direct and proximate result of the negligence of the defendant Alpha VesselCo, LLC, and the negligence of the defendant's agents and employees, the plaintiff has sustained serious physical injuries, including a mild traumatic brain injury; he has undergone physical pain and mental anguish, and he is likely to undergo physical pain and mental anguish in the future; he has suffered, and he is likely to suffer in the future, inconvenience associated with his injuries and resulting disabilities; he has been

disabled from performing some of his normal activities, and those disabilities are likely to continue into the future; he has lost income from his employment and/or his calling and will continue to do so in the future; he has lost part or all of his capacity to earn income in the past and in the future; and he is likely to incur in the future substantial medical expenses for the care and treatment of his injuries.

## SECOND CAUSE OF ACTION

32. All preceding paragraphs are fully incorporated herein.

33. The defendant Alpha VesselCo, LLC, failed to provide the plaintiff with a seaworthy vessel, which was dangerous and unseaworthy for the reasons alleged in the foregoing paragraphs.

34. As a direct and proximate result of the unseaworthiness alleged herein, the plaintiff has sustained serious physical injuries, including a mild traumatic brain injury; he has undergone physical pain and mental anguish, and he is likely to undergo physical pain and mental anguish in the future; he has suffered, and he is likely to suffer in the future, inconvenience associated with his injuries and resulting disabilities; he has been disabled from performing some of his normal activities, and those disabilities are likely to continue into the future; he has lost income from his employment and/or his calling and will continue to do so in the future; he has lost part or all of his capacity to earn income in the past and in the future; and he is likely to incur in the future substantial medical expenses for the care and treatment of his injuries.

## THIRD CAUSE OF ACTION

35. All preceding paragraphs are fully incorporated herein.

36. The plaintiff was injured while working aboard the defendant's fishing vessel as a seaman. Pursuant to applicable maritime law, the plaintiff claims all reasonable unpaid maintenance and cure for the period of his disability, and he claims all unpaid unearned wages from the onset of his disability on September 4, 2018, through the end of the 2018 menhaden fishing season.

## PRAYER FOR RELIEF

WHEREFORE the plaintiff James E. Rich, by counsel, respectfully asks this Court for entry of a judgment and award in his favor against the defendant Alpha VesselCo, LLC, in the amount of $7,000,000.00 (SEVEN MILLION DOLLARS), for compensatory damages, plus prejudgment interest, post judgment interest, and legal costs incurred; and he respectfully asks this Court for entry of a judgment and award in his favor against the defendant Alpha VesselCo, LLC, for such reasonable unpaid maintenance and cure and unearned wages to be determined by a jury as just and proper, up to and including $200,000.00 (TWO HUNDRED THOUSAND DOLLARS), plus prejudgment interest, post judgment interest, and legal costs incurred. In addition, the plaintiff by counsel respectfully asks the Court to grant him any additional general and equitable relief to which the plaintiff may be entitled in this cause.

THE PLAINTIFF DEMANDS TRIAL BY JURY ON HIS JONES ACT CLAIM, HIS UNSEAWORTHINESS CLAIM, AND HIS CLAIMS FOR UNPAID MAINTENANCE AND CURE AND UNEARNED WAGES.

JAMES E. RICH

By:   /s/ Lance A. Jackson
      Of Counsel

Lance A. Jackson, Esq. (VSB No. 26035)
Counsel for James E. Rich
MONTAGNA KLEIN CAMDEN, L.L.P.
425 Monticello Avenue
Norfolk, Virginia 23510
Telephone: (757) 622-8100
Fax: (757) 622-8180
ljackson@montagnalaw.com